IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STUART W. RYAN,

    Plaintiff,

vs.                                  CASE NO. 3:10-cv-336/RS-MD

THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF WEST FLORIDA,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 12) and Plaintiff's Response (Doc. 13).

## I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

Plaintiff, a male instructor employed by the Defendant, alleges that the Defendant "retaliated against [Plaintiff] and has denied him opportunities for employment and advancement on the basis of his having complained of gender discrimination (Doc. 1, p. 3)" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, et. seq., and the Florida Civil Rights Act ("FCRA"), Sections 760.01 et. seq.

## III. Analysis

In the light most favorable to Plaintiff, Defendant's assertions concerning the exhaustion of administrative remedies, the timely filing of the lawsuit within 90 days of the EEOC dismissal, and the satisfaction of conditions precedent do not meet the standard required for a motion to dismiss. Quite simply, Plaintiff has alleged sufficient facts to raise a triable issue. The Amended Charge of Discrimination (Doc. 14, Attach. 1) makes it plausible that Plaintiff's administrative remedies were exhausted as to the retaliation claim. The lack of specifics regarding the delivery date of the EEOC Dismissal and Notice of Suit Rights makes plausible the timeliness of Plaintiff's lawsuit. The assertions in the complaint satisfy the pleading requirements for conditions precedent. The only real issue in this Motion concerns whether Plaintiff's failure to request an administrative hearing bars his claims under Florida law.

While Plaintiff asserts that he "exhausted all administrative remedies under Title VII and the FCRA (Doc. 14, p. 1)," Plaintiff does not specifically address Defendant's contention that Plaintiff failed to comply with the requirements of FLA. STAT. §

760.11(7). Specifically, Defendant asserts that Plaintiff did not request an administrative hearing within thirty-five days of FCHR's finding of "no cause." While this issue is important, it need not be resolved at this stage. Plaintiff's contention that he satisfied the administrative requirements under Florida law are plausible.

The Motion to Dismiss (Doc. 12) is **DENIED**.

**ORDERED** on October 28, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**