IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STUART W. RYAN,

    Plaintiff,

vs.                                                                        CASE NO. 3:10-cv-336/RS-MD

THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF WEST FLORIDA,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 70), and Memorandum in Support (Doc. 71), and Plaintiff's Response in Opposition (Doc. 91), Memorandum in Opposition (Doc. 92), and Statement of Facts (Doc. 93).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

Plaintiff is employed by Defendant University of West Florida ("UWF") as a professor in the Department of Health, Leisure and Exercise Science.  Plaintiff began his employment as a non-tenured visiting instructor in 1999.  By 2001 he had earned a position as an associate professor, and he was promoted to full professor in April 2010 (Doc. 93, p.1).

On June 8, 2009, Plaintiff filed a charge of discrimination with the EEOC alleging gender discrimination because he had not been promoted to the rank of full professor. Plaintiff alleges that UWF retaliated against him, in violation of 42 U.S.C. § 2000e et. seq., for filing the EEOC complaint.  Specifically, Plaintiff alleges that on September 15, 2009, UWF issued a "notice of disciplinary reprimand" to Plaintiff, and on September 18, 2009, UWF advised him that he "may be subject of a censure action by UWF." (Doc. 1, p. 2).

## Analysis

Plaintiff has withdrawn Count II of the Complaint (*See* Doc. 92, p. 3).  The only remaining count is for retaliation under Title VII.  To establish a prima facie case of retaliation under Title VII, Plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  Here, UWF concedes that Plaintiff engaged in a protected activity.  The only dispute is whether Plaintiff suffered an adverse action, and whether there was a causal relationship.

An adverse employment action is one that is "materially adverse to a reasonable employee or job applicant."  *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006).  The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.  *Id*. at 67.  The "employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  *Id* at 57.

Here, there are two alleged acts of retaliation.  The first is a "notice of disciplinary reprimand."  (Doc. 79, Attach. 3, p. 38-43).  This reprimand was in response to a contact Plaintiff had with a colleague, Dr. Cosio-Lima, during which Dr. Cosio-Lima reported that Plaintiff acted inappropriately towards her.  While the exact interaction between Plaintiff and Dr. Cosio-Lima is in dispute, the reprimand simply recounts Dr. Cosio-Lima's version of events.  The reprimand informed Plaintiff that he was not to have contact with Dr. Cosio-Lima, that Plaintiff was not to retaliate against Dr. Cosio-Lima,

and that Plaintiff would be required to take training in collegial behavior. The reprimand had no effect on Plaintiff's pay, benefits, or terms of employment. And, any argument that the reprimand adversely affected Plaintiff's career advancement is misplaced because Plaintiff was subsequently promoted to full professor. Plaintiff does not suggest that his promotion was delayed because of the reprimand. With the promotion, Plaintiff received a pay increase commensurate with the new position.

The second act of alleged retaliation was a September 18, 2009, letter which informed Plaintiff that four of his colleagues had contacted the department chair and stated that Plaintiff's "on-going negative, disruptive, and confrontational style" should result in Plaintiff's censure (Doc. 77, Attach. 1, p. 13). The letter also informed Plaintiff that a professor from another department, who did not know any of the parties involved, had been appointed to investigate the situation and to recommend a response. This letter did not threaten any action against Plaintiff. Rather, it simply informed Plaintiff of an investigation which would afford Plaintiff an opportunity to explain his side of the intra-department dispute to a neutral party.

Taken together, the two instances of alleged retribution, the reprimand and the September 18th letter, do not amount to acts which would "dissuade a reasonable worker from making or supporting a charge of discrimination." Plaintiff was promoted and received greater compensation in April 2010, only months after the alleged acts of retaliation. This short duration between the acts and the promotion suggest that the acts had no harmful effect on his career. While Plaintiff claims that he has suffered reputational harm which resulted in diminished speaking fees, he has not come forth with

adequate support for this contention.  In fact, Defendant suggested, and Plaintiff did not dispute at hearing, that the reprimand was a private matter which was not made known to the other members of the department.  Reputational harm is minimized in this context and his subsequent promotion has negated any negative inferences that others could draw from UWF's actions.

Even assuming that the acts did in fact cause harm, Plaintiff has not come forth with adequate evidence to support a causal connection between the protected activity and the allegedly retaliatory actions.  The causal connection prong requires Plaintiff to show that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *New v. Darnell*, 2008 U.S. Dist. LEXIS 83857, 19-20 (N.D. Fla. 2008) (*citing Curtis v. Broward County*, 292 Fed. Appx. 882, 885 (11th cir. 2008).

The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action   However, in the Eleventh Circuit, "a three to four month disparity between the statutorily protected expression and the adverse employment action is not enough" to establish causation. *Thomas*, 506 F.3d at 1363.

Here, Plaintiff's protected activity of filing a complaint with the EEOC occurred on June 9, 2009.  The alleged acts of retaliation first occurred on September 15, 2009.  This more than three month gap does not support causation.  Plaintiff suggests that the summer recess period at UWF delayed Defendant from taking the actions until the next academic year because Plaintiff was absent during a portion of the summer recess.

However, Plaintiff returned to work on August 10, 2009 (Doc. 92, p. 5), and the alleged retaliation did not occur until more than a month after his return. Besides the timeline of events, Plaintiff has not identified any other evidence which demonstrate that retribution was the motive for UWF's actions. Absent additional evidence, and because UWF's actions arouse nearly five weeks from Plaintiff's return to campus, and more than three months since the protected activity, Plaintiff has not established a causal connection.

In the light most favorable to Plaintiff, the reprimand and the September 18th letter had no harmful effect upon Plaintiff and were not caused by a retaliatory motive. The Motion for Summary Judgment (Doc. 70) is **GRANTED**. This case is dismissed with prejudice.

**ORDERED** on July 6, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**